UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE MOULTRY, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-CV-394-RDP |
| } | |
| TONY SERRA FORD, INC., et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Modify Order for Reimbursement of Expenses and Fees pursuant to Federal Rule of Civil Procedure 37(c)(2). (Doc. # 54). The Motion is fully briefed (Docs. # 56-57) and is ripe for review. After careful consideration, and for the reasons explained below, the court concludes that Defendants' Motion (Doc. # 54) is due to be denied.

**I.     Background**

Plaintiff Lee Moultry initiated this suit on March 13, 2018 challenging Tony Serra Ford's and Serra Nissan/Oldsmobile's (collectively, "Defendants") allegedly discriminatory employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. (Doc. # 1). Instead of filing an answer, Defendants filed a Motion to Dismiss, Without Prejudice, or Stay and Compel Arbitration. (Doc. # 5). Specifically, Defendants argued that an arbitration agreement was contained within Defendants' online employment application and that Plaintiff necessarily signed and consented to the agreement when he submitted his application. (*See generally* Doc. # 26). Plaintiff countered that neither he nor his fiancée saw any arbitration agreement embedded in the employment application, so Plaintiff could not have assented to such

1

an agreement. (Doc. # 14 at 1-4). Furthermore, Plaintiff claimed that the employment application that Defendants produced did not reflect *his* signature. (*Id.* at 7).

Following initial briefing of the arbitration motion, the court ordered the parties to conduct discovery limited to the issues raised in the motion. (Docs. # 17, 20). Defendants deposed Plaintiff and his fiancée, Christianna DeRamus, on July 19, 2018. (Docs. # 26-1; 26-7). Both Plaintiff and DeRamus consistently denied seeing an arbitration agreement embedded in the employment application. (*Id.*). Because of these denials, on August 1, 2018, Defendants issued and served a subpoena on Citrix Systems, Inc., the company that provided the RightSignature product to Serra Nissan. (Doc. # 54-1). Defendants used this product on their website, serranissan.com, to create an online platform for applicants to fill out and electronically submit employment applications. (Docs. # 47-1; 52 at 7). In response to the subpoena, Citrix Systems provided Defendants with (1) an affidavit executed by a custodian of its records on September 24, 2018; (2) Defendants' RightSignature account activity records, which show when "Lee Moultry" and "Lee A. Moultry" viewed, signed, and completed two employment applications; and (3) "true and correct" copies of the two employment applications associated with the signer "Lee Moultry" or "Lee A. Moultry." (Docs. # 47-1; 47-2; 47-3; 47-4; 47-5; 47-7). The affidavit further confirmed that the copies were identical to what Plaintiff would have seen at the time he signed and submitted the employment applications. (Doc. # 47-1 at 2).

In light of these documents, Defense counsel emailed Plaintiff's counsel on September 25, 2018 and requested that Plaintiff withdraw his objection to the arbitration motion. (Doc. # 54-2). In Defense counsel's view, the documents established "that the terms and conditions were on the screen when the employment application was completed and submitted and that no changes or alterations were made thereto after Mr. Moultry's submission." (*Id.*). Counsel's email also warned

2

that if Plaintiff declined to withdraw the objection and Defendants were forced to take the out-of-state deposition of a Citrix Systems representative, Defendants would seek all costs associated with that deposition once the case was sent to arbitration. (*Id.*).

In this same email to Plaintiff's counsel, Defense counsel submitted the following twelve Requests for Admission pursuant to Rule 36 of the Federal Rules of Civil Procedure:

1. Please admit that on February 14 and 15, 2016, you, or somebody on your behalf, visited www.serranissan.com for the purpose of completing and submitting an employment application.

2. Please admit that on February 14 and 15, 2016, you submitted a completed employment application for employment with the Defendants.

3. Please admit that you scrolled down and viewed the entire employment application.

4. Please admit that you or somebody you authorized electronically signed your name to the employment application.

5. Please admit that the attached employment application, attached hereto as Exhibit A, is a true and correct copy of what you completed and submitted to the Defendants.

6. Please admit that the attached employment application, attached hereto as Exhibit B, is a true and correct copy of what you completed and submitted to the Defendants.

7. Please admit that the attached Exhibit A is a true and correct copy of what you viewed on the screen, at the time you completed and submitted the application to the Defendants.

8. Please admit that the attached Exhibit B is a true and correct copy of what you viewed on the screen, at the time you completed and submitted the application to the Defendants.

9. Please admit that the attached Exhibit A was not changed or altered after your submission of it to the Defendants, on February 14, 2016.

10. Please admit that the attached Exhibit B was not changed or altered after your submission of it to the Defendants, on February 15, 2016.

> 11. Please admit that the section entitled "Disclosures and Arbitration Agreement", on the attached Exhibit A, was on the screen for your review at the time of your submission of the employment application to the Defendants.
>
> 12. Please admit that the section entitled "Disclosures and Arbitration Agreement", on the attached Exhibit B, was on the screen for your review at the time of your submission of the employment application to the Defendants.

(Docs. # 54-2; 54-3). Despite the Citrix affidavit, Plaintiff refused to withdraw his objection to Defendants' arbitration motion and denied the vast majority of the Requests for Admission. (Doc. # 54-4). Specifically, Plaintiff denied submitting two employment applications and seeing/signing an arbitration agreement at the bottom of the application. (*Id*.).

Due to Plaintiff's denials of the arbitration agreement, the court determined that a genuine issue of material fact existed as to whether Plaintiff assented to an arbitration agreement. Accordingly, the court denied Defendants' arbitration motion (Doc. # 27) and conducted a bench trial on April 16, 2019 to determine whether the parties executed an enforceable arbitration agreement. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.").

During the bench trial, the court heard live testimony from three witnesses: Plaintiff; Roger Bradford, the Parts and Services Director for Serra Automotive; and DeRamus. (Doc. # 52 at 2). Both Plaintiff and DeRamus maintained their position that there was no visible arbitration agreement contained in the employment application when they viewed and completed the application. (*Id*. at 3-4). The court also accepted into evidence and considered the deposition testimony of Jesse Rubenstein, the Citrix System representative whom Defendants deposed in North Carolina on February 13, 2018 (in preparation for the bench trial). (*Id*.). Crucially, Rubenstein testified that once an employment application is submitted online through RightSignature, it is stored in an encrypted fashion on Citrix Systems' servers. (*Id*. at 11). In other

words, according to Rubenstein, Defendants could not have changed or altered the completed employment application once submitted. (*Id*.). At the end of the bench trial, the court ordered supplemental briefing. (Doc. # 46).

After hearing the testimony at the bench trial, assessing the witnesses' credibility, and observing a live demonstration of how an employment application is submitted on Defendants' website, the court credited the testimony proffered by Defendants. (Doc. # 52 at 6). On June 6, 2019, the court issued an opinion explaining its conclusion that (1) the employment application contained an arbitration agreement on pages three and four of the application, which Plaintiff would have seen had he scrolled to the bottom of the document (or, at a minimum, was responsible for reviewing before signing and submitting the application); and (2) either Plaintiff or DeRamus (with Plaintiff's authorization) submitted two employment applications in Plaintiff's name and (at least) signed the second application. (Doc. # 52 at 6). As a result, the court found that Plaintiff consented to arbitration of his claims and both Defendants were entitled to enforce the arbitration agreement as parties to the agreement. (*Id*. at 12, 19).

## II. Analysis

Relying on Federal Rule of Civil Procedure 37(c)(2), Defendants argue that Plaintiff's denials of the Requests for Admission forced them "to take the deposition of [Jesse Rubenstein] in North Carolina and to expend[] great time and expense in preparing for and prosecuting its arbitration motion at the scheduled bench trial." (Doc. # 54 at 5). Because Defendants ultimately prevailed at the bench trial on the exact questions that Plaintiff refused to admit, they assert that Plaintiff should pay the reasonable expenses and attorney's fees they incurred in proving the accuracy of the requested information pursuant to Rule 37(c)(2). (*Id*. at 6). Specifically, Defendants submit that they are entitled to $15,535 in attorney's fees, which consists of 25 hours

5

expended by Attorney Jeffrey L. Ingram and 60.5 hours expended by Attorney Cassandra H. Kalupa. (Docs. # 54 at 8-9; 57 at 7). This amount also includes $3,934 incurred in preparing for and taking Jesse Rubenstein's deposition in North Carolina and $1,000.01 for travel expenses and obtaining a transcript of the deposition. (*Id.*). For the reasons explained below, the court concludes that Defendants are not entitled to relief under Rule 37(c)(2) and their motion is due to be denied.

Federal Rule of Civil Procedure 37(c)(2) allows a court to sanction a party for its failure to make an admission properly requested under Rule 36. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1326 (11th Cir. 2004). Rule 37 provides as follows:

> (2) *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> > (A) the request was held objectionable under Rule 36(a);
> >
> > (B) the admission sought was of no substantial importance;
> >
> > (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> >
> > (D) there was other good reason for the failure to admit.

Fed. R. Civ. Pro. 37(c)(2). The practical effect of this rule encourages "parties to identify undisputed issues early so as to avoid unnecessary costs." *Mut. Serv. Ins. Co.*, 358 F.3d at 1326.

In his response brief, Plaintiff relies on the third exception and argues that the court should deny Defendant's Motion because he had reasonable grounds to believe he would prevail on the matters he denied.[1] Under this exception, Defendants are not entitled to attorneys' fees simply

---

[1] Plaintiff also sets forth the standard for assessing a prevailing defendant's attorneys fees in Title VII cases where a plaintiff's claims are frivolous or unreasonable. But, Defendants brought the instant Motion under Federal Rule of Civil Procedure 37(c)(2). Accordingly, the court analyzes Defendants' Motion under the legal framework associated with Rule 37.

because they eventually succeeded in submitting Plaintiff's claims to arbitration. *See Mut. Serv. Ins. Co.*, 358 F.3d at 1326. "The true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing he might prevail." *Id.* (citing Fed. R. Civ. Pro. 37(c)(2) advisory committee's note to 1970 amendment) (internal quotations omitted). Thus, Defendants are entitled to attorney's fees only if Plaintiff was unreasonable in denying the existence of the arbitration agreement at the time the admissions were proposed. *Id.*

After examining the information available to Plaintiff at the time of his denials, the court concludes that he had reasonable grounds to believe that the court would rule in his favor at the bench trial. This is because part of Plaintiff's theory in proceeding with the bench trial was that Defendants tampered with the employment application after submission to include the arbitration agreement. This theory was at least plausible until Defendants deposed Citrix Systems' representative, Jesse Rubenstein, on February 13, 2018. (Doc. # 54 at 5). Rubenstein provided testimony that once an employment application is submitted online through RightSignature, it is stored in an encrypted fashion on Citrix Systems' servers, meaning that Defendants could not have changed or altered the completed employment applications once submitted. (Doc. # 52 at 11.). Crucially, Defendants did not depose Rubenstein until *after* it sent the Requests for Admission to Plaintiff and Plaintiff denied them. (Doc. # 54 at 5). This timeline indicates that although Defendants asked Plaintiff to admit that the employment applications produced by Citrix Systems were not changed or altered after submission (Docs. # 54-2; 54-3), this information was not reliably confirmed until *after* Plaintiff denied the Requests for Admission. Consequently, at the time Plaintiff responded to the Requests for Admission and denied the existence of the arbitration

7

agreement, he had reasonable grounds to believe he would prevail at the bench trial based on the theory that Defendants tampered with his employment applications.[2]

Moreover, even after Rubenstein's deposition, there were several discrepancies between the two employment applications that Defendants pulled from Citrix Systems' servers that motivated Plaintiff to believe he would prevail at the bench trial. In its June 6, 2019 Memorandum Opinion, the court summarized these discrepancies:

> Notably, the second application contains the following material discrepancies: (1) a requested salary of $17.50 instead of $18; (2) an availability date of 2/16/16 instead of 2/15/16; (3) a contractor, Ronald Worsham, as a personal reference, though Plaintiff and DeRamus testified that they did not know anyone by that name; and (4) Christianna DeRamus was categorized as Plaintiff's financial advisor instead of his friend. (Doc. # 47-4).

(Doc. # 52 at 5). Additionally, DeRamus testified that she signed Plaintiff's name on the employment application (with Plaintiff's authorization) in a freehand cursive signature. (*Id*. at 4). But, she and Plaintiff both maintained that neither application that Defendants produced bore that signature. (*Id*. at 5). At the bench trial, neither party offered a definitive explanation for these differences. Although the court ultimately determined that the most likely explanation was that Plaintiff or DeRamus submitted a second application with slightly different information than the first, Plaintiff was not unreasonable in doubting the authenticity of the produced employment applications, particularly given DeRamus's testimony. To be clear, the purpose of Rule 37(c) is not to punish a plaintiff for making a losing argument. Given the discrepancies in the two employment applications, Plaintiff had reasonable grounds to believe he would prevail at the bench

---

[2] The court also notes that Plaintiff did not violate his continuing duty to supplement his responses to the Requests for Admission under Federal Rule of Civil Procedure 26(e). Rule 26(e) requires a party who has responded to an interrogatory, request for production, or request for admission to supplement or correct its response if the party learns that the response is incomplete or incorrect *and* "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Pro. 26(e). Plaintiff had no duty, at least under this subdivision, to supplement his discovery response with the information yielded from Rubenstein's deposition because Defendants were already aware of the "corrective information." Fed. R. Civ. Pro. 26(e).

trial by challenging the authenticity of the employment applications. Defendants are therefore not entitled to relief under Rule 37(c).

Furthermore, the court agrees with Plaintiff that a bench trial (and, indeed, supplemental briefing) was necessary to determine which Defendants were entitled to enforce the arbitration agreement contained in the employment application given that Plaintiff applied to work at a dealership that did not ultimately hire him. (Doc. # 52 at 2). The court is unpersuaded by Defendants' assertion that this question was "[un]related to the material issue of whether or not the employment application contained an arbitration agreement and whether the Plaintiff saw the arbitration agreement when he submitted the employment application." (Doc. # 57 at 5). Rather, this issue was material to the court's analysis of whether a valid and *enforceable* arbitration agreement existed.

To be sure, the court previously recognized that "[f]inding (in the abstract) that Plaintiff is bound by the arbitration agreement is not enough to compel arbitration in this case because there is at least a colorable argument that Plaintiff was not hired to work for the entity he designated on his employment applications—Serra Nissan VW. Indeed, this would be a straightforward case had Plaintiff ultimately been hired to work at the Serra Nissan VW dealership. Instead, Plaintiff was first hired by Tony Serra Ford, and was later transferred to Serra Nissan/Oldsmobile." (Doc. # 52 at 15). Thus, the question of which Defendants were entitled to enforce the arbitration agreement was inextricably intertwined with the court's ultimate task at the bench trial of determining whether a valid agreement to arbitrate existed. For this reason, in addition to those addressed above, Defendants' Rule 37(c) motion for relief is due to be denied.

Finally, the decision in this was a close call. The discrepancies between the two employment applications that Defendants produced and the uncertainty in identifying which

9

Defendants were parties to the arbitration agreement created disputed facts which necessitated resolution through a bench trial and supplemental briefing. This was not a straightforward, easy case to decide. The court did its best and ultimately sided with Defendants' position. Candidly, the court acknowledges that Defendants prevailed by a narrow margin, particularly on the issue of which Defendants may benefit from the arbitration agreement. This is a case where Defendants had best declare victory and go arbitrate. Accordingly, the court concludes that Defendants are not entitled to relief under Rule 37(c)(2).

### III. Conclusion

For the reasons explained above, Defendants' Motion to Modify Order for Reimbursement of Expenses and Fees is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this July 19, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE